The CITY OF ALLENTOWN,
Appellant

v.

INTERNATIONAL ASSOCIATION OF
FIRE FIGHTERS, LOCAL 302.

Commonwealth Court of Pennsylvania.

Argued June 11, 2009.

Decided July 23, 2009.

John Thomas Marchetto, Allentown, for appellant.

Quintes D. Taglioli, Allentown, for appellee.

BEFORE: SIMPSON, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

The City of Allentown (City) appeals from a decision of the Court of Common Pleas of Lehigh County (trial court) which denied and dismissed the City's amended petition to review an arbitration award. The trial court further ordered that the arbitration panel immediately convene and determine the rate of pay for a specialist firefighter without creating any committees to perform that task. We affirm.

City appeals from an arbitration award governed by the statute known as the Policemen and Firemen Collective Bargaining Act (Act 111), Act of June 24, 1968, P.L. 237, 43 P.S. §§ 217.1–217.10, in which the majority of a tripartite panel of arbitrators, consisting of Alan A. Symonette, Esquire (Symonette), John S. Stribula (Stribula) and Thomas C. Anewalt, Esquire (Anewalt) (Collectively, Panel), exercised jurisdiction over a dispute arising under the collective bargaining agreement (CBA) between the firefighter's union, International Association of Fire Fighters, Local 302 (Union), and the municipality, City.

City is a municipal corporation organized as a city of the third class operating under the Home Rule form of government and is the public employer of the firefighters for the City. Union is the exclusive bargaining agent for City firefighters below the rank of Deputy Chief pursuant to Act 111 and the Pennsylvania Labor Relations Act (PLRA), Act of June 1, 1937, P.L. 1168, 43 P.S. §§ 211.1–211.13.

The City and the Union are parties to the CBA effective January 1, 2005 through December 31, 2011 that is the product of a 2004 Act 111 interest arbitration award (Award I). Award I was issued by the same Panel that issued the decision the City is presently appealing.

Section 16 of Award I, titled "Rank Differential–Special Teams Pay Committee" provides in pertinent part as follows:

Effective immediately, a Rank Differential/Special Teams committee shall be established with three (3) members from

the union and three (3) members from the City. The purpose of this committee shall be to examine the actual duties performed by these bargaining unit members relative to the compensation therefore. The committee shall conduct all necessary detailed studies to accomplish this purpose, said studies to be completed, and reduced to writing, no later than September 1, 2005. In the event of mutual agreement between the City and the union on Rank Differential/Special Teams pay, those changes shall be adopted immediately during the term of this award. In the event a disagreement arises between the union and the City on any such matter, that issue shall be brought back before this arbitration panel for binding arbitration. However, the jurisdiction of this panel shall expire on Friday, December 2, 2005.

Award I, Paragraph 16, at 22–23. Thus, a committee (Committee) was to be formed and it was to conduct detailed studies and reduce them to writing by September 1, 2005. After the Committee performed its studies, the City and Union were to discuss additional compensation for rank differential-special teams. If the parties could not agree on the issue of rank differential-special teams pay, the Panel retained jurisdiction as an interest arbitration panel until December 2, 2005, to resolve any outstanding issues by binding arbitration. The Committee, however, was never assembled and therefore, no written report was issued prior to the expiration of the Panel's jurisdiction on December 2, 2005.

On December 30, 2005, the parties executed a Memorandum of Understanding (Memo) which provides in pertinent part as follows:

9. For numerous reasons, not the least of which is the fact that City Council appealed the arbitration award, the Committee has been unable to meet the time constraints as allotted in the award.

10. In consideration of the foregoing, the parties, insofar as they are empowered, do hereby mutually agree to extend the provisions of Section 16 of the Arbitration award for a period of six months. (A copy of which appears in number 3 of this agreement). Being guided by the terms of this extension, the City and the Union would be required to perform studies and provide written reports no later than September 1, 2006.

11. In consideration of the fact that City and the Union are not empowered to extend the jurisdiction of the Arbitration panel in this instant case, the parties, in accordance with the provisions of the collective bargaining agreement and the American Arbitration Association's rules, do hereby alternately agree that the arbitration panel for any dispute arising out of the interpretation and/or application of Section 16 of the arbitration award shall be comprised of the following parties: For the City: Tom Anewalt, for the Union: John S. Stribula, and the neutral arbitrator shall be Alan Symonette Esq.

Memo, Paragraphs 9–11, at 2–3. This Memo extended the time for the Committee to perform its work to September 1, 2006. As set forth in the Memo, the parties agreed that they could not extend the jurisdiction of the Panel to conduct binding arbitration beyond December 2, 2005, since it had already expired. In the alternative, the parties agreed in the Memo to select the same Panel to hear any future disputes arising out of the interpretation and/or application of Section 16 of Award I. Again, the Committee was not formed and studies were not conducted prior to

the September 1, 2006 deadline, as required under the terms of the Memo.

On September 13, 2006, twelve days after the Committee would have been required by the Memo to submit its written report, the Mayor of the City received a letter from the Union declaring an impasse and notifying the City of the Union's intent to proceed to arbitration. The City responded on October 12, 2006, indicating that the 2004 Award I was final in 2004 and that the Panel's jurisdiction as an interest arbitration panel had since expired. The City preserved its right to raise all defenses, including arbitrability, in any future proceeding.

On April 30, 2007, a hearing was held before the Panel. At the hearing, the City formally objected, both procedurally and substantively, to the jurisdiction of the Panel to decide the case as an interest arbitration panel.

The Panel issued an oral ruling on April 30, 2007. On September 5, 2007, Symonette, on behalf of the majority of the Panel, authored and issued a written award (Award II), to memorialize the April 30, 2007, ruling of the Panel. Award II was issued on September 5, 2007, and stated in pertinent part as follows:

1. The parties agreed pursuant to Paragraph 11 of the Memorandum of Understanding dated December 30, 2005 to extend the jurisdiction of this panel to questions arising under Article 16. Accordingly the panel does have jurisdiction in this matter.

2. Even though the panel has jurisdiction, there is no dispute that the City and Union have failed to convene a committee under Article 16 to "examine the actual duties performed by these [Special Teams] bargaining unit members relative to the compensation therefore." The execution of these studies is a prerequisite to the invocation of the panel's authority to resolve any disagreement with respect to the appropriate compensation for these duties. Accordingly, the panel remands the matter to the parties to implement a committee pursuant to the charge set forth in Article 16 of the Collective Bargaining Agreement. Furthermore, the panel ordered that the studies be completed by September 1, 2007 and that a hearing be

3. held, if necessary on Monday, September 10, 2007. The parties may request additional time in order to resolve any issues regarding compensation.

Award II, September 5, 2007, at 2–3. (footnote omitted). The Panel, by a 2–1 majority, determined that it had jurisdiction, but Award II was silent as to whether the Panel was acting as interest or grievance arbitrators. However, the transmittal letter authored by Symonette accompanying Award II indicated that he viewed the Panel to be meeting as an interest arbitration panel. Award II also directed that the Committee be convened to perform its duties by September 1, 2007, and then the parties would negotiate over the issue of rank differential/special teams pay. Absent an agreement by September 10, 2007, the parties were to return to the Panel for a binding determination.

On October 3, 2007, the City appealed Award II by filing a petition to review arbitration award, which was followed by an amended petition to review the arbitration award on November 13, 2007, challenging the jurisdiction of the Panel on both procedural and substantive grounds, excess of the arbitrators' powers and procedural irregularities.

 Upon review, the trial court denied and dismissed the City's amended petition to review the arbitration award and further ordered that the Panel immediately convene and determine the rate of pay for a specialist firefighter without cre-

ating any committees to perform that task. The City now appeals to our court.[1]

The City contends that the Panel lacks jurisdiction as an interest arbitration panel and/or exceeded its authority to render the award where there has been a failure to file a grievance and exhaust the grievance procedure under the CBA; that the failure to process the arbitration in accordance with the rules of the American Arbitration Association (Association) creates a procedural irregularity; and that the trial court erred as a matter of law and abused its discretion by issuing an order modifying Award II in absence of a finding that the award is contrary to law.

First, we will address the City's contention that the trial court erred as a matter of law and abused its discretion by issuing an order modifying Award II in the absence of a finding that the award is contrary to law. The trial court's review of an Act 111 arbitration is limited to four questions concerning the arbitrators' jurisdiction, the regularity of the proceedings, an excess of the arbitrators' powers, and deprivation of constitutional rights. *City of Scranton v. Fire Fighters Local Union No. 60*, 923 A.2d 545 (Pa.Cmwlth.2007). The Uniform Arbitration Act, 42 Pa.C.S. §§ 7301–7320 (UAA), which is applicable to labor arbitrations, authorizes a court to modify an arbitration award upon application and only when the court finds that the award is contrary to law. 42 Pa.C.S. §§ 7302(b)(d), and 7315.

■ We agree with the City that the trial court failed to find that with respect to Award II, the Panel lacked jurisdiction, exceeded its authority, did not have regular proceedings or violate any constitutional rights so as to act contrary to law. However, the trial court did not abuse its discretion in ordering the parties to bypass the Committee and proceed directly to the Panel to decide the issue of pay for rank differential/special teams. The Panel in Award II directed the parties to form the Committee and complete the study by September 1, 2007. The Panel also noted that the parties could request additional time in order to resolve any issues regarding compensation. The Panel further determined that, if no agreement was reached by September 10, 2007, a hearing would be held before the Panel on that same date. The City appealed on October 3, 2007. The trial court, in dismissing the amended petition, noted that there was a need for finality on the issue of pay for specialists and for rank differential. The trial court directed that the Panel should meet to decide the matter without the formation of the Committee, as the Panel had stated that a hearing would be held on September 10, 2007, if the parties failed to agree by that time. Thus, the trial court did not modify the Panel's award, but merely put the parties back to where they were prior to the appeal.

In the present controversy, the trial court explained its reasons for ordering the hearing to be held without forming the Committee. The trial court noted how the City had voluntarily entered into the Memo with the Union. The City had

---

1. Section 7(a) of Act 111, 43 P.S. § 217.7, states that no appeal shall be allowed to any court from the determination of a board of arbitration. The Supreme Court has concluded that courts have limited jurisdiction, in the nature of narrow certiorari, to review arbitration awards. *City of Farrell v. Fraternal Order of Police, Lodge No. 34*, 538 Pa. 75, 645 A.2d 1294 (1994). Thus, our review is limited to

questions concerning the arbitrators' jurisdiction, the regularity of the proceedings, an excess of the arbitrators' powers, and deprivation of constitutional rights. *City of Scranton v. Fire Fighters Local Union No. 60*, 923 A.2d 545 (Pa.Cmwlth.2007). An arbitrator who mandates that an illegal act be carried out exceeds his or her powers. *Id.*

agreed to form the Section 16 Committee. It was further agreed, "in a rather inventive way by both" that the original Act 111 arbitrators would resolve any disagreements concerning the Committee and the interpretations of Article 16. Trial court opinion, September 17, 2008, at 6. Since the parties failed, the Union, in accord with the Memo, called for arbitration. The trial court stated in pertinent part as follows:

> City, instead of abiding by the terms of the ... [Memo] which it signed, claimed the agreement did not grant the arbitration panel jurisdiction to hear the dispute. Additionally, City argued that the Union failed to follow proper grievance procedures by demanding arbitration, even though the demand adhered to the conditions of the ... [Memo]. Those arguments contradict City's written agreement. We simply hold the City to the terms of its agreement found in the ... [Memo].
>
> We are mindful of the prolonged nature of this dispute between City and Union. There is a need for finality on the issue of pay for the specialists. The arbitration award of September 5, 2007, seems to indicate that, if the parties failed to agree on specialists' pay after the committee report was completed on September 1, 2007, the arbitration panel would decide the question itself at a hearing on September 10, 2007. That date has passed and no agreement has been reached regarding the pay for the specialists. Accordingly, we order the arbitration panel to decide this matter without the formation of a Rank Differential Special Teams committee. This directive is consistent with the parties' agreement and it finally will bring an end to this dispute.

*Id.*

Where the trial court reviews an arbitration award and there is a date specific time set for a hearing and such time and qualifications has passed, the trial court may order the hearing to be held in accordance with the arbitration award. Such determination does not modify the award, but only puts the parties back where they were in regard to the Memo. The parties had mutually agreed to extend the provision of Award I, which set up the Panel to decide "any disputes" which would impliedly include the resolution of the pay increases after the parties have obviously been unable to do it themselves. The parties agreed by the Memo to set up a unique procedure for themselves to settle their disputes during this six year contract before this Panel. Instead of using the usual three step grievance procedure which begins with an oral discussion with the Deputy Fire Chief, then reducing the grievance to writing and presenting it to the Chief, then appealing to the Director of Finance and Human Resources before, finally, requesting arbitration, which would involve the parties picking a new arbitration panel every time, the parties merely went straight to the specific Panel they previously picked. See, CBA, Section 19 at 23–25. The trial court acted within its discretion.

With regards to the City's remaining issues, we adopt the well reasoned opinion of the trial court. *City of Allentown v. International Association of Fire Fighters, Local 302*, —— Pa. D. & C. 4th ——, (——). Accordingly, we affirm the trial court.

### ORDER

AND NOW, this 23rd day of July, 2009 the order of the Court of Common Pleas of Lehigh County in the above captioned matter is affirmed.